## MATTHEW J. KLUGER
ATTORNEY AT LAW

888 GRAND CONCOURSE, SUITE 1H
BRONX, NEW YORK 10451
(718) 293-4900 • FAX (718) 618-0140
www.klugerlawfirm.com

October 20, 2022

By ECF
The Honorable Paul G. Gardephe
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:    **United States v. Enrique Figueroa**
               **S1 21 Cr. 708 (PGG)**

Dear Judge Gardephe,

      This letter is respectfully submitted on behalf of Enrique Figueroa in advance of his sentencing, which is scheduled for November 4, 2022, at 3:00 p.m. On September 9, 2022, Mr. Figueroa appeared before the Honorable Ona T. Wang and pled guilty to the sole count of the above-referenced Superseding Indictment charging him with conspiring to commit a federal offense, to wit, making interstate threats to injure another person, in violation of 18 U.S.C. §371 and 18 U.S.C. §875(c). The Government, Defense, and Probation all agree that at a total offense level of 12 and a Criminal History Category of I (Figueroa has zero criminal history points), the Guidelines range in this case is 10 to 16 months. Mr. Figueroa has been incarcerated since his arrest on September 19, 2021. Accordingly, after factoring in statutory "good-time," Figueroa will have already served nearly 16-months of imprisonment (the upper end of the Guidelines range) by the time he is sentenced on November 4th.

      In determining a sentence which is sufficient but not greater than necessary to accomplish the purposes of sentencing stated in 18 U.S.C. §3553(a)(2), a court should consider, among other things, (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (4) policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense.  See 18 U.S.C. § 3553(a).

      Here, after considering the §3553(a) factors, U.S. Probation recommends that Figueroa be sentenced to time-served with three-years of supervised release. Likewise, the defense also respectfully requests that the Court sentence Figueroa to time served but

with two-years of supervised rather than three. Probation also recommends a special condition of outpatient mental health treatment. The defense takes no position on this request but does recognize that Figueroa has a history of troubling incidents which may require further evaluation by a mental health professional.

<u>Personal History and Characteristics & Offense Conduct</u>

The details of Figueroa's personal history, and the circumstances of his offense, are already covered extensively in the Presentence Investigation Report ("*PSR*") and will only briefly be summarized here. Enrique Figueroa is an amicable 48-year-old man who was born in New York City on September 18, 1974. The defendant's mother, age 68, resides in Manhattan, and is recovering from colon cancer. Figueroa has two living siblings, Louis Alberto Pena, age 55, and Jacqueline Sanchez, age 33. Sadly, another sister, Marisol Abreu, died from cancer in 2013 at the age of 38. Figueroa, was raised in a close-knit working-class household by his mother and stepfather. He has fond memories of holidays, his mother's cooking, and family gatherings. Figueroa is divorced and has two adult children - Endielynn Figueroa, age 32, and Enrique Urena, age 28. Endielynn resides in the Bronx, works in a daycare, and has one child. Enrique resides in Manhattan, is an Uber driver, and has two children.

Mr. Figueroa holds dual citizenship with the United States and the Dominican Republic. He fashions himself a political activist who seeks to identify and fight political corruption both here and in the Dominican Republic. On its face of course, at least in the United States, there is certainly nothing unlawful about this type of political speech. However, in seeking to highlight what Figueroa perceived as political corruption in the Dominican Republic, Figueroa recognizes that his social media posts crossed the line from protected speech to criminal speech when he threatened to harm another. Still, although Figueroa's statements and social media posts were impassioned and angry rants, there is no evidence that Figueroa ever intended *to act* upon any of his threats and has repeatedly denied any such intent.

Regardless, the threats themselves are serious and deserving of punishment. Mr. Figueroa accepts full responsibility for his behavior and has already served a sentence at the top of the guidelines range for his actions. Certainly a term of supervised release is appropriate as well but as noted above, the defense submits that three-years may be a bit excessive. Of course, the defendant will abide by any additional conditions of supervised release imposed by the Court including participating in mental health treatment if deemed appropriate.

Thank you.

Respectfully submitted,

_____
Matthew J. Kluger, Esq.

cc: AUSA Alexander N. Li