

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2022

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

Re:    United States v. Enrique Figueroa, 21 Cr. 708 (PGG)

Dear Judge Gardephe:

In August and September 2021, defendant Enrique Figueroa made menacing social media posts directed at Luis Abinader, the president of the Dominican Republic.  Despite two interviews with law enforcement, Figueroa would not stop.  Finally, in September 2021, with President Abinader in New York City for the United Nations General Assembly, Figueroa was arrested; he has been detained since.  For this conduct, Figueroa now awaits sentencing for conspiracy to commit an offense against the United States (interstate threats), in violation of 18 U.S.C. § 371. The parties and the Probation Office agree that the applicable sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is a term of imprisonment of 10 to 16 months.  For the reasons set forth below, a term of imprisonment within this range, followed by a substantial period of supervised release, is sufficient but not greater than necessary to serve the purposes of sentencing.

I.    **Offense Conduct**

On or about August 20, 2021, the Instagram account "enriquefigueroatv" — operated by Figueroa's co-conspirator in the Dominican Republic ("CC-1") — posted a photograph of someone holding a long gun.  The photograph was accompanied by a caption translated from Spanish roughly as:  "Luis Abinader we will see each other in early September (for those of you who do not know yet, I am a member of the intelligence service of the Republic.  Everything will be controlled.)."  (PSR ¶ 8.)[1]

On or about August 22, 2021, Figueroa posted on his Facebook account a Spanish-language video of himself speaking.  In substance and in part, Figueroa declared that: (i) President Abinader had betrayed Figueroa; (ii) if anything happened to one of Figueroa's people, Figueroa would take three people, including innocent people; (iii) Figueroa could send people to the Dominican

_____

[1] "PSR" refers to the Presentence Investigation Report prepared by the Probation Office on October 14, 2022.

The Honorable Paul G. Gardephe                                                     Page 2
October 25, 2022

Republic; and (iv) listeners should remember what happened to the president of Haiti — a reference to the assassination of the president of Haiti on or about July 7, 2021.  (PSR ¶ 9.)

On or about September 11, 2021, Figueroa attempted to fly to the Dominican Republic but was denied boarding because his passport had expired.  At the airport, Figueroa participated in a voluntary interview with law enforcement officers during which he stated, in substance and in part, that:  (i) Figueroa previously had a dispute with President Abinader, but the dispute was resolved and Figueroa was now on good terms with President Abinader; (ii) Figueroa planned to fly to the Dominican Republic to meet with President Abinader, so that Figueroa could present evidence against another official of the Dominican Republic; (iii) Figueroa was a member of QAnon; (iv) Figueroa planned to attend a rally in Washington, D.C. on September 18, 2021;[2] and (v) Figueroa planned to meet with President Abinader in New York City thereafter (apparently referring to the president's anticipated attendance at the United Nations General Assembly).  (PSR ¶ 10.)

On or about September 17, 2021, Figueroa participated in a second voluntary interview with law enforcement officers.  During the interview, Figueroa stated, in substance and in part, that:  (i) Figueroa had made public posts directed at President Abinader; (ii) Figueroa understood that his posts could be perceived as threatening, but he did not intend to harm President Abinader; (iii) Figueroa made the posts in order to warn that others might harm President Abinader if corruption continued in the Dominican Republic; and (iv) Figueroa kept firearms in the Dominican Republic but not in the United States.  (PSR ¶ 11.)

On or about September 18, 2021, President Abinader arrived in New York City in connection with the United Nations General Assembly.  Later that day, the "enriquefigueroatv" Instagram account posted a photograph of President Abinader's motorcade in New York City. Accompanying the image was a caption translated from Spanish roughly as: "You guys have 24 hours to meet with me; otherwise, he will leave power in 30 days." (PSR ¶ 13.)  Investigators later found the same photograph on Figueroa's phone.  (PSR ¶¶ 12–13.)

Also on or about September 18, 2021, the "enriquefigueroatv" Instagram account posted a photograph of Figueroa making a phone call.  Accompanying the image was a caption translated from Spanish roughly as: "If you do not pick up my call, Luis will not leave the United States, you will then know who is crazy." (PSR ¶ 14.)

On or about September 19, 2021, law enforcement officers arrested Figueroa.  On his cellphones were extensive communications with CC-1 and threatening voice and text messages to multiple personal associates.  (PSR ¶¶ 16–17.)

_____

[2] Figueroa appears to have been referring to the "Justice for J6" rally held on September 18, 2021, in Washington, D.C., in support of those arrested in connection with the January 6, 2021 storming of the Capitol Building.

The Honorable Paul G. Gardephe                                                            Page 3
October 25, 2022

## II.      Plea and Applicable Guidelines Range

On November 17, 2021, a grand jury returned an Indictment charging Figueroa with interstate threats, in violation of 18 U.S.C. §§ 875(c) and 2, and threats against a foreign official, in violation of 18 U.S.C. §§ 878(a) and 2.

On September 9, 2022, Figueroa pleaded guilty before Magistrate Judge Wang, pursuant to a plea agreement, to a Superseding Information charging him with conspiracy to commit an offense against the United States (interstate threats), in violation of 18 U.S.C. § 371.  On September 9, 2022, this Court accepted Figueroa's plea.

In their plea agreement, the parties stipulated to a total offense level of 12 and a criminal history category of I, which yields a Guidelines range of 10 to 16 months' imprisonment.  The Probation Office concurs in these calculations.  (PSR ¶¶ 30, 34, 72.)

## III.     Discussion

### A.  Applicable Law

Although the Supreme Court held in *United States v. Booker* that the Guidelines are no longer mandatory, the Court instructed that district courts must still "consult" the Guidelines and "take them into account" when sentencing.  543 U.S. 220, 264 (2005).  Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims."  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the defendant; and
> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The Honorable Paul G. Gardephe                                                    Page 4
October 25, 2022

### B.  A Guidelines Sentence Is Appropriate

The Government submits that a sentence within the Guidelines range of 10 to 16 months' imprisonment is sufficient, but not greater than necessary, to serve the purposes of sentencing.  In addition, the Government agrees with the recommendation of the Probation Office for a substantial term of supervised release that includes outpatient mental health treatment.

The chief sentencing factors in this case are the seriousness of the offense and the need for general deterrence.  Figueroa made specific, repeated, and menacing threats against the president of a foreign country, including while the president was physically in the United States.  Indeed, Figueroa appears to have tracked President Abinader upon his arrival, as evidenced by Figueroa obtaining a photograph of President Abinader's motorcade in New York City.  Despite two warnings by law enforcement, including one at the airport when Figueroa was denied boarding to the Dominican Republic, Figueroa continued to threaten President Abinader.  That is a serious crime, and it must be deterred.

The Probation Office rightly recognizes that Figueroa's emotional health is critical to his risk of recidivism.  Figueroa "appears to be obsessed with American and Dominican politics with social media playing a critical role in his erratic behavior."  (PSR at 21.)  In part to mitigate this risk, the Government agrees with the Probation Office that the Court should direct Figueroa to attend an outpatient mental health program as a condition of his supervised release.

## IV.    Conclusion

For all the foregoing reasons, a sentence within the Guidelines range of 10 to 16 months' months' imprisonment, followed by a substantial term of supervised release, is sufficient but not greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Alexander Li
Assistant United States Attorney
(212) 637-2265

cc:     Matthew J. Kluger, Esq. (by *ECF*)